By the Court.—Sedgwick, J.
It was necessary to allege a breach, by defendant, of the contract which it is said he made. Of this, the complaint says no more than “that although often requested so to do, the said Garrison has refused and does refuse to fulfill his said contract and agreement with the plaintiffs, and to issue, or cause to be issued, and delivered to the plaintiffs, thirty-six thousand shares of stock in said company, in exchange for the stock of the Pacific Railroad so as aforesaid held by the plaintiffs.” The allegation “refuses to fulfill his said contract” does not allege a fact, so much as an opinion of the pleader, that something said or done, but not stated, was a refusal to comply with the defendant’s part of the agreement. The fact stated is that the defendant refused to issue, or cause to be issued, the stock. If a refusal, after request alone, with nothing more, was a breach, it is doubtful that the pleading states the *159 request properly (1 Chitty’s Pl. 331). It may be only indefiniteness or uncertainty, in so far as it does not state where ■ and' when the request was made, but probably its omission to state by whom is substantial.
But it does not appear that a refusal to issue stock, upon a request, is a breach of the contract. He agreed that “he would deliver to the plaintiffs and said Denny, in return for the amount of the stock of the Pacific Railroad, so as aforesaid held by them, thirty-six thousand full paid shares.” He was to deliver, only, as and when the plaintiffs returned their stock. The duties respectively were of equal standing. Unless and until the plaintiffs, being ready, tendered in presentí their stock, the defendant was not bound by the contract to deliver his. Therefore plaintiffs must plead that they tendered, which clearly they have not pleaded, or must show something sufficient as an excuse for not tendering. With many other cases, Lester v. Jewitt (11 N. Y. 463), is clear as to this.
It is, however, argued that a sufficient excuse for not tendering is alleged, on the rule, that an absolute refusal of one side to perform is an excuse to the other side from tendering. Of course, there is a general rule, that a refusal, which as matter of fact waives the tender on the other side, or leads it to. omit to tender, or which, as against the party refusing, shows that he would not accept the tender, is an excuse for not tendering. Then the complaint must show, as the fact, that the omission to tender was occasioned by the refusal, which is almost the reverse of the complaint, alleging that after a request, without more, the defendant refused. Then the question is, was not the defendant justified in his refusal, by the omission to tender. Should there be a refusal of a kind that excused from a tender, there could not be a recovery, unless it appeared that the party who was excused was ready and able to tender.
*160 A mere refusal to perform is not per se an excuse. A refusal may not be a breach, for the construction of the contract may uphold the "refusal. This complaint shows such a case, for its true meaning is that the defendant oftentimes refused to issue the stock, although' the plaintiff, without tendering or being able to tender, asked him to do so.
There lurks the semblance of a doubt as to the correctness of this, in the words, in exchange for plaintiff’s stock; that is, “ he refused to deliver the thirty-six thousand shares, in exchange for the stock of Pacific Railroad, held as aforesaid by the plaintiffs.” This gives rise to no real doubt, for these words cause only an obscurity of the true construction of the complaint. The defendant’s refusal to exchange for plaintiffs’ stock was justified when, without a tender, he was only requested to exchange for plaintiffs’ stock. The request was only a demand, not necessarily—and here, so far as the complaint goes," not, in fact—accompanied with a tender. In fine, the complaint has no allegation of the essential fact, that the plaintiffs were ready and able to tender and did tender performance on their part, nor of any excuse for not tendering.
This point requires a reversal of the order overruling the demurrer. As leave will be given to the plaintiff to amend on terms, it is not necessary to discuss all the other objections to the complaint. These objections are serious, and call for a restatement of the matters to which they apply. At least, they suggest the expediency of amendment. I refer now to the allegations as to the consideration, and as to the terms of the contract.
There are some objections which should receive specific attention on this appeal. One was that it did not appear that the plaintiffs have legal capacity to sue, as there is no averment “showing whether plaintiffs sue in their own right or in trust for others, and no *161 authority is shown for suing in .trust for others, and no specific interest in the matters complained of is shown to exist in the plaintiff or any of them,” &c. Another is, that there is a misjoinder of parties plaintiff, inasmuch as it does not appear from said complaint that the plaintiffs have any joint cause of action.
The complaint does not show that the plaintiffs lack capacity to sue for any right that the complaint may allege to exist in their favor. In the first part of the complaint it is averred that before the making of the contract pleaded, they, plaintiffs, owned and held, either in their own right or in trust for others, with full power of disposition, as hereinafter related, “thirty-six thousand shares of the capital stock of the Pacific Railroad of Missouri,” &c. It is seen that if it were necessary for the plaintiffs to show the fact of their ■ title or power of disposition, as part of their cause of action, it would be impossible to say from the allegations whether the plaintiffs sued in their own behalf as owners, or in behalf of beneficiaries for whom they were trustees. The interest, however, which they assert is not such as depends upon the title of the stock. They claim an interest in a contract alleged to have been made in reference to the stock. That contract was made with them jointly, as the complaint states that said defendant “promised to and agreed with the plaintiffs.” They agreed, as any one not owning at present property might, to exchange it in the future, and the property which they agree to exchange is described as stock, which they owned or held in trust, and over which they had full power of disposition. Their right to recover is placed upon the stock they are to return being one or the other, wholly or partly. As against the defendant, who made the contract, the plaintiffs, on the face of the complaint, are interested in their own right. Their respective interests in the stock to be issued or their obligations to others, does not, on this *162 complaint, change the nature of their joint legal interest in the contract. Whether the facts would sustain the pleading is not a question on the demurrer.
There were certain objections made to the complaint, based upon the proposition that the contract on its face was void, for a fraudulent intent to other stockholders, or because its legal operation was to prevent the plaintiffs’ bidding at the sale in foreclosure. These were not fully discussed by the respondents, for the reason, as I suppose, that in the court below the complaint was not attacked on these grounds. The best course will be, to argue these points again, if it becomes necessary after an amendment of the complaint.
It is best to say, that on this appeal the plaintiff did not object that the order was not appealable. The fact that the merits are heard must not be a precedent for appeals from orders overruling demurrers.
Order overruling the demurrer is reversed and judgment ordered for defendant, with costs, with leave to plaintiff to amend on terms to be settled.
Van Vorst, J., concurred.